UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOIS MARTIN, | No. 2:13-cv-2671-EFB (TEMP) |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

This matter is before the court on plaintiff's fully briefed motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA").

Plaintiff brought this action seeking judicial review of a final administrative decision denying plaintiff's applications for Disability Insurance Benefits under Title II of the Social Security Act and for Supplemental Social Security Income under Title XVI of the Social Security Act. On August 28, 2015, following the filing of a motion for summary judgment by plaintiff and a cross-motion for summary judgment by defendant, the court granted plaintiff's motion, reversed the decision of the Commissioner and remanded this action with instructions to award plaintiff benefits. ECF No. 26.

Thereafter, defendant filed a motion to amend the judgment on September 28, 2015. ECF No. 28. The court denied defendant's motion to amend on October 30, 2015. ECF No. 29.

On January 17, 2016, plaintiff filed the pending motion for attorney's fees seeking an award of $5,830.85 based on 30.75 hours of attorney time. ECF No. 30.[1]

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). "It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001)

A "party" under the EAJA is defined as including "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed[.]" 28 U.S.C. § 2412(d)(2)(B)(i). The term "fees and other expenses" includes "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). "The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party 'unduly and unreasonably protracted' the final resolution of the case." *Atkins v. Apfel*, 154 F.3d 986, 987 (9th Cir. 1998) (citing 28 U.S.C. §§ 2412(d)(1)(C) & 2412(d)(2)(D)).

A party who obtains a remand in a Social Security case is a prevailing party for purposes of the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993) ("No holding of this Court has ever denied prevailing-party status . . . to a plaintiff who won a remand order pursuant to sentence four of § 405(g) . . . , which terminates the litigation with victory for the plaintiff.") . "An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded." *Gutierrez*, 274 F.3d at 1257.

Here, the court finds that plaintiff is the prevailing party, that plaintiff did not unduly delay this litigation and that plaintiff's net worth did not exceed two million dollars when this action was filed. *See* ECF No. 3. Moreover, the court finds that the government's position was

---

[1] Defendant filed an opposition on February 18, 2016. ECF No. 32. Plaintiff filed a reply on March 2, 2016. ECF No. 33.

not substantially justified. *See Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) ("an ALJ may reject a treating source's opinion that is contradicted by another doctor's opinion only by providing specific and legitimate reasons that are supported by substantial evidence"); *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) ("an ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion"); *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013) (position of the government "includes both the government's litigation position and the underlying agency action giving rise to the civil action.").

The EAJA expressly provides for an award of "reasonable" attorney fees. 28 U.S.C. § 2412(d)(2)A). Under the EAJA, hourly rates for attorney fees have been capped at $125.00 since 1996, but district courts are permitted to adjust the rate to compensate for an increase in the cost of living.[2] *See* 28 U.S.C. § 2412(d)(2)(A); *Sorenson v. Mink*, 239 F.3d 1140, 1147-49 (9th Cir. 2001); *Atkins v. Apfel*, 154 F.3d 986, 987 (9th Cir. 1998). Determining a reasonable fee "'requires more inquiry by a district court than finding the product of reasonable hours times a reasonable rate.'" *Atkins*, 154 F.3d at 988 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (internal citations omitted)). The district court must consider "'the relationship between the amount of the fee awarded and the results obtained.'" *Id.* at 989 (quoting *Hensley*, 461 U.S. at 437).

Here, plaintiff's attorney successfully moved for summary judgment resulting in an order remanding this action for an award of benefits. After carefully reviewing the record and the pending motion, the court finds the claimed 30.75 hours to be a reasonable amount of attorney

/////

---

[2] In accordance with *Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005), and Ninth Circuit Rule 39-1.6, the Ninth Circuit Court of Appeals maintains a list of the statutory maximum hourly rates authorized by the EAJA, as adjusted annually. The rates may be found on the Court's website. *See* http://www.ca9.uscourts.gov. Here, the court has calculated the rates requested by plaintiff and finds that the requested rates are at or near the statutory maximum rates established by the Ninth Circuit. In the future, plaintiff's counsel shall provide the court with such calculations.

time to have expended on this matter.[3]  *See, e.g.*, *Stewart v. Sullivan*, 810 F. Supp. 1102, 1107 (D. Haw. 1993); *Vallejo v. Astrue*, No. 2:09-cv-03088 KJN, 2011 WL 4383636, at *4 (E.D. Cal. Sept. 20, 2011); *Destefano v. Astrue*, No. 05-CV-3534, 2008 WL 623197, *4 (E.D.N.Y. Mar. 4, 2008).

Moreover, the number of hours expended by plaintiff's attorney is well within the limit of what would be considered a reasonable amount of time spent on this action when compared to the time devoted to similar tasks by counsel in like social security appeals coming before this court. *See Boulanger v. Astrue*, No. CIV S-07-0849 DAD, 2011 WL 4971890, at *2 (E.D. Cal. Oct. 19, 2011) (finding 58 hours to be a reasonable amount of time); *Watkins v. Astrue*, No. CIV S-06-1895 DAD, 2011 WL 4889190, at *2 (E.D. Cal. Oct. 13, 2011) (finding 62 hours to be a reasonable amount of time); *Vallejo v. Astrue*, No. 2:09-cv-03088 KJN, 2011 WL 4383636, at *5 (E.D. Cal. Sept. 20, 2011) (finding 62.1 hours to be a reasonable amount of time); *Dean v. Astrue*, No. CIV S-07-0529 DAD, 2009 WL 800174, at *2 (E.D. Cal. Mar. 25, 2009) (finding 41 hours to be a reasonable amount of time); *see also Costa v. Commissioner of Social Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) ("Many district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases."); *cf. Id.* at 1137 ("District courts may not apply de facto caps limiting the number of hours attorneys can reasonably expend on 'routine' social security cases.").

Finally, plaintiff's requests that the EAJA fee award be made payable to plaintiff's counsel pursuant to a fee agreement signed by plaintiff.  ECF No. 34.  However, an attorney fee award under the EAJA is payable to the litigant and is therefore subject to a government offset to satisfy any pre-existing debt owed to the United States by the claimant.  *Astrue v. Ratliff*, 560 U.S. 586, 592-93 (2010).

Subsequent to the decision in *Ratliff*, some courts have ordered payment of the award of EAJA fees directly to plaintiff's counsel pursuant to plaintiff's assignment of EAJA fees, provided that the plaintiff has no debt that requires offset.  *See Blackwell v. Astrue*, No. CIV 08-1454 EFB, 2011 WL 1077765, at *5 (E.D. Cal. Mar. 21, 2011); *Dorrell v. Astrue*, No. CIV 09-

---

[3] Defendant's opposition does not challenge the reasonableness of plaintiff's fee request and argues only that the position of the government was substantially justified.

0112 EFB, 2011 WL 976484, at *2-3 (E.D. Cal. Mar. 17, 2011); *Calderon v. Astrue*, No. 1:08-cv-01015 GSA, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 22, 2010); *Castaneda v. Astrue*, No. EDCV 09-1850-OP, 2010 WL 2850778, at *3 (C.D. Cal. July 20, 2010). Similarly, in recently submitted stipulations and proposed orders for the award of attorney fees under the EAJA, the parties have stipulated that, if plaintiff does not owe a federal debt, the government will consider the plaintiff's assignment of EAJA fees and expenses to plaintiff's attorney and shall honor the assignment by making the fees and expenses payable directly to counsel. The court will incorporate such a provision in this order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for attorney fees under the Equal Access to Justice Act (ECF No. 30) is granted;

2. Plaintiff is awarded $5,830.85 in attorney fees under 28 U.S.C. § 2412(d); and

3. Defendant shall determine whether plaintiff's EAJA attorney's fees are subject to any offset permitted under the United States Department of the Treasury's Offset Program and, if the fees are not subject to an offset, shall honor plaintiff's assignment of EAJA fees and shall cause the payment of fees to be made directly to plaintiff's counsel pursuant to the assignment executed by plaintiff.

DATED: June 6, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE